GABRIEL PALERM, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, demandada.

No. 835.—*Sometido:* Mayo 23, 1932. *Resuelto:* Julio 22, 1932.

*E. Rincón* y *L. Muñoz Morales,* abogados del peticionario; *Carlos J. Torres,* abogado de la demandante en el pleito principal.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En un procedimiento ordinario establecido para el cobro de una cantidad de dinero garantizada con hipoteca de un solar con casa se alegó que el deudor se comprometió a tener asegurada la casa contra incendio, que la casa fué destruída por fuego y que la compañía aseguradora ha convenido con el demandado en pagar por el siniestro cierta cantidad de dinero. Se solicitó y se decretó el embargo de esa cantidad y posteriormente el demandado compareció ante la corte manifestando que había sido embargado ese dinero en poder de la compañía aseguradora y que ofrecía fianza para que el embargo fuese levantado. La corte de distrito se negó a la petición del demandado quien acudió ante nosotros en procedimiento de *certiorari* contra dicha resolución y librado el auto solicitado hemos oído a las partes.

Según los artículos 110 y 111 de la Ley Hipotecaria la hipoteca se extiende al importe de las indemnizaciones concedidas o debidas al propietario por los aseguradores de los bienes hipotecados, las que se entenderán hipotecadas conjuntamente con la finca aunque no se mencionen en el contrato siempre que haya tenido lugar el siniestro después de constituída la hipoteca. Como consecuencia de esos preceptos la cantidad de la indemnización substituye a la casa destruída por el incendio y ocupa su lugar en la hipoteca. Por esto, aunque un embargo de dinero puede ser substituído por una fianza de acuerdo con la sección 15 de la ley de 1902 para asegurar la efectividad de las sentencias, sin embargo, en casos como el presente tal afianzamiento no es procedente porque no se trata de un embargo corriente sino de un dinero que por disposición de la ley substituye a la casa hipotecada y que debe ser depositado hasta que la obligación sea cancelada según dispone el artículo 161 del Reglamento de la Ley Hipotecaria, por lo que debe estar por sí misma sujeta a las resultas de la hipoteca y no quedar subordinada a una

fianza que puede requerir procedimientos posteriores contra los fiadores en caso de que el deudor principal no devolviese el dinero.

Un acreedor hipotecario en un procedimiento ejecutivo seguido de acuerdo con la Ley Hipotecaria y su reglamento tiene derecho a que si no se le paga su crédito dentro del término fijado por la ley se venda en pública subasta la finca sin ulteriores procedimientos para el cobro; y si existe una indemnización por una casa asegurada y destruída, el precio de aquélla forma parte de lo que ha de recibir el acreedor y puede ser retenido para tal fin; retención o embargo que no debe ser substituído por una fianza porque convertiría el procedimiento sumario ejecutivo en contencioso para cobrar de los fiadores y ése no es el espíritu de la Ley Hipotecaria que quiso dar a los acreedores hipotecarios un procedimiento rápido y sumario para el cobro de sus créditos en beneficio de la propiedad territorial.

Lo dicho es aplicable al cobro de una deuda hipotecaria en un procedimiento ordinario porque tiende a facilitar la obtención de dinero sobre propiedad inmueble.

*Por lo expuesto no era procedente en este caso el afianzamiento del dinero de tal clase embargado y el auto de* certiorari *debe ser anulado.*

Los Jueces Asociados Señores Wolf y Hutchison disintieron.*